# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
05/19/2016
CT Log Number 529197001

TO: Jim Buddie, Assistant General Counsel
Westinghouse Electric Company LLC
1000 Westinghouse Dr Ste 143
Cranberry Township, PA 16066-5214

RE: **Process Served in Georgia**

FOR: WECTEC Contractors Inc. (Domestic State: LA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | JIMMY CLARK, Pltf. vs. CHICAGO BRIDGE & IRON COMPANY, et al., Dfts. // To: WECTEC Contractors, Inc.<br>*Name discrepancy noted.* |
| DOCUMENT(S) SERVED: | Summons, Complaint, First Continuing Interrogatories, First Continuing Request |
| COURT/AGENCY: | Burke County Superior Court, GA<br>Case # 2016V0023 |
| NATURE OF ACTION: | Employee Litigation - Plaintiff's complaint against employer regarding unpaid minimum wage and unpaid overtime compensation; liquidated damages; prejudgment and post-judgment interest |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Atlanta, GA |
| DATE AND HOUR OF SERVICE: | By Process Server on 05/19/2016 at 15:18 |
| JURISDICTION SERVED: | Georgia |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | TROY A. LANIER<br>Troy A. Lanier, P.C.<br>P. O. Box 2426<br>Augusta, GA 30903<br>706-823-6800 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 783155273484<br><br>Image SOP<br><br>Email Notification, Jim Buddie  buddieja@westinghouse.com<br><br>Email Notification, Carla Salvucci  salvucc@westinghouse.com<br><br>Email Notification, Richard Swanson  swansora@westinghouse.com<br><br>Email Notification, Selena Westbrook  selena.westbrook@cbi.com<br><br>Email Notification, Logan Hollobaugh  logan.hollobaugh@cbi.com<br><br>Email Notification, Rebecca Purple  rpurple@cbi.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**Service of Process Transmittal**
05/19/2016
CT Log Number 529197001

TO: Jim Buddie, Assistant General Counsel
Westinghouse Electric Company LLC
1000 Westinghouse Dr Ste 143
Cranberry Township, PA 16066-5214

RE: **Process Served in Georgia**

FOR: WECTEC Contractors Inc. (Domestic State: LA)

Email Notification, Deb Gries  griesdl@westinghouse.com

Email Notification, Matacha Saul  Matacha.Saul@cbi.com

Email Notification, Danielle Bonett  bonettdm@westinghouse.com

SIGNED:
ADDRESS: C T Corporation System
1201 Peachtree Street, N.E.
Suite 1240
Atlanta, GA 30361
TELEPHONE: 404-965-3840

Page 2 of 2 / AY

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE SUPERIOR/~~STATE~~ COURT OF ~~RICHMOND~~ BURKE COUNTY

STATE OF GEORGIA

JIMMY CLARK

PLAINTIFF

VS.

WECTEC CONTRACTORS, INC.
c/o CT Corporation System, Registered Agent
1201 Peachtree St., NE
Atlanta, GA 30361

DEFENDANT

CIVIL ACTION, NUMBER 2016-V-CC23

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

TROY A. LANIER
P.O. BOX ~~24416~~ 2426
AUGUSTA, GA 30903

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 10th day of May, 2016.

Clerk of Superior/State Court

By _____  Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

CLERK OF SUPERIOR, STATE
AND JUVENILE COURT
FILED FOR RECORD

2016 MAY 10 PM 3:29

SHERRI C. CATES, CLERK
BURKE COUNTY, GA.

IN THE SUPERIOR COURT OF BURKE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JIMMY CLARK, | ) |
| PLAINTIFF | ) |
| V. | ) CIVIL ACTION FILE |
| | ) NO. 2016-V-0023 |
| CHICAGO BRIDGE & IRON COMPANY, | ) |
| FIRST DEFENDANT | ) |
| WESTINGHOUSE ELECTRIC COMPANY, LLC, | ) |
| SECOND DEFENDANT | ) |
| WECTEC CONTRACTORS, INC., | ) |
| THIRD DEFENDANT | ) |
| A.B.C. CORPORATION, | ) |
| FOURTH DEFENDANT | ) |

## COMPLAINT

COMES NOW Jimmy Clark who presents the following allegations in support of his Complaint against the defendants, as follows:

1. Plaintiff Jimmy Clark ("Clark") alleges that, pursuant to the Federal Fair Labor Standards Act, as amended, 29 U.S.C.A. § 201, *et seq.* ("FLSA"), he is

**JUDGE CRAIG**

entitled to recover from one or more of the defendants: (1) unpaid minimum wage and unpaid overtime compensation; (2) liquidated damages; (3) pre-judgment and post-judgment interest; and (4) attorney fees and costs of litigation.

2. This honorable Court has subject matter jurisdiction over this controversy.

3. Clark is a resident of 2059 Youngblood Drive, Hephzibah, Georgia 30815.

4. Since approximately August of 2013, Clark has been employed at the Plant Vogtle Nuclear Facility ("Plant Vogtle") located near Waynesboro, in the County of Burke, in the State of Georgia.

5. Clark is a covered individual within the meaning of the FLSA.

6. During this time, upon information and belief, Clark's employer has changed. Furthermore, Clark and his co-workers have been placed in a position of uncertainty as to the identity of their employer at certain times relevant to this matter.

7. Based upon information and belief, at all relevant times, Clark has been employed at Plant Vogtle by Chicago Bridge & Iron Company (CB&I), or

Westinghouse Electric Company ("Westinghouse"), or WECTEC Contractors, Inc. ("WECTEC"), or an unknown corporate entity hereby referred to as "A.B.C. Corporation".

8. At all relevant times, defendant CB&I was, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

9. CB&I is a business entity organized and operating under the laws of the State of Delaware with facilities located in many states, including the State of Georgia. This defendant's registered agent for service of process in the State of Georgia is CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

10. CB&I maintains, or has maintained, an office in Burke County, Georgia. CB&I is subject to the jurisdiction of this Court, and venue is proper.

11. On information and belief, at all relevant times, defendant CB&I has had gross revenues in excess of $500,000.00 per year, and has been an enterprise engaged in commerce, and interstate commerce, within the meaning of the FLSA.

12. At all relevant times, defendant CB&I employed Clark within the meaning of the FLSA.

13. At all relevant times, the work performed by the plaintiff was directly essential to the business operated by defendant CB&I.

14. At all relevant times, defendant Westinghouse was, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

15. Westinghouse is a business entity organized and operating under the laws of the State of Georgia with facilities located in many states, including the State of Georgia. This defendant's registered agent for service of process in the State of Georgia is CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

16. Westinghouse maintains, or has maintained, an office in Burke County, Georgia. Westinghouse is subject to the jurisdiction of this Court, and venue is proper.

17. On information and belief, at all relevant times, defendant Westinghouse has had gross revenues in excess of $500,000.00 per year, and has been an enterprise engaged in commerce, and interstate commerce, within the meaning of the FLSA.

18. At all relevant times, defendant Westinghouse employed Clark within the meaning of the FLSA.

19. At all relevant times, the work performed by the plaintiff was directly essential to the business operated by defendant Westinghouse.

20. At all relevant times, defendant WECTEC was, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

21. WECTEC is a business entity organized and operating under the laws of the State of Pennsylvania with facilities located in many states, including the State of Georgia. This defendant's registered agent for service of process in the State of Georgia is CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

22. WECTEC maintains, or has maintained, an office in Burke County, Georgia. WECTEC is subject to the jurisdiction of this Court, and venue is proper.

23. On information and belief, at all relevant times, defendant WECTEC has had gross revenues in excess of $500,000.00 per year, and has been an enterprise engaged in commerce, and interstate commerce, within the meaning of the FLSA.

24. At all relevant times, defendant WECTEC employed Clark within the meaning of the FLSA.

25. At all relevant times, the work performed by the plaintiff was directly essential to the business operated by defendant WECTEC.

26. Clark is currently employed by one or more defendants, and he has been so employed since approximately August of 2013.

27. At all relevant times, Clark has been a non-exempt employee within the meaning of the FLSA.

28. Throughout Clark's employment with one or more of the defendants, he has routinely worked over forty (40) hours per week.

29. Although Clark has consistently worked more than forty (40) hours per week, one or more of the defendants has failed to pay overtime wages. Rather, Clark was paid regular wages, rather than overtime wages calculated at a rate of 1.5 times regular wages for his overtime hours.

30. In addition, one or more of the defendant employers required Clark to work without compensation on a consistent basis. Clark's supervisor forced him to attend pre-shift meetings which generally lasted thirty minutes each, and he was not compensated for this time. Clark's supervisor expressed his feeling that Clark and his co-workers "owed" the company a certain amount of work time which should not be compensated.

31.     One or more defendants knowingly and willfully operated its business with a policy of not paying appropriate overtime compensation, and in certain instances, minimum wage compensation, to Clark and possibly other similarly situated employees.

32.     One or more defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Clark at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when defendants knew or should have known such was due, and that non-payment of these wages would financially injure the Clark.

33.     One or more defendants failed to properly disclose or apprise Clark of his rights under the FLSA.

34.     As a direct and proximate result of the actions of one or more defendants, Clark is entitled to recover an award of appropriate regular rate and appropriate overtime rate compensation.

35.     After a diligent search, Clark has determined that he is not in possession of sufficient documents and records to detail herein the total number of unpaid hours of work, and the total number of unpaid overtime hours (which were compensated only at his "regular" rate of pay). These documents and

records are presumably in the possession of the defendants, who have a legal duty to maintain and preserve such records. Furthermore, once these documents are turned over to Clark, he shall amend these pleadings to identify with particularity the unpaid hours of regular time, and overtime.

36. As a direct and proximate result of the actions of one or more defendants, and the willful disregard by one or more defendants of the provisions of the FLSA, plaintiff is entitled to liquidated damages pursuant to the FLSA in an amount equal to Clark's unpaid overtime and other unpaid compensation.

37. Clark is entitled to an award of his reasonable attorney fees, costs, and expenses.

THEREFORE, plaintiff Clark respectfully requests that this honorable Court grant the following relief:

(a) declaratory judgment that the practices complained of are unlawful under the FLSA;

(b) an injunction against the appropriate defendant, and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

8

(c)   an award of unpaid "regular rate" wages due under the FLSA;

(d)   an award of unpaid overtime wages due under the FLSA;

(e)   an award of liquidated damages as a result of the appropriate defendant's knowing and willful failure to pay wages and overtime compensation during the full term of plaintiff's on-going employment pursuant to the FLSA;

(f)   an award of pre-judgment and post-judgment interest;

(g)   an award of costs and expenses associated with this action, together with reasonable attorney fees;

(h)   such other and further relief as this honorable Court determines to be just and proper; and

(i)   a trial by jury on all issues.

Respectfully submitted this __10__ day of May, 2016.

COUNSEL FOR PLAINTIFF:

_____
TROY A. LANIER
GA STATE BAR NO. 437775

Troy A. Lanier, P.C.
P. O. Box 2426
Augusta, GA 30903

(706) 823-6800
tlanier@tlanierlaw.com

# EXHIBIT B

IN THE SUPERIOR COURT OF BURKE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JIMMY CLARK,<br><br>        Plaintiff,<br><br>v.<br><br>CHICAGO BRIDGE & IRON COMPANY,<br><br>        First Defendant,<br><br>WESTINGHOUSE ELECTRIC COMPANY, LLC,<br><br>        Second Defendant,<br><br>WECTEC CONTRACTORS, INC.<br><br>        Third Defendant,<br><br>A.B.C. CORPORATION,<br><br>        Fourth Defendant. | Civil Action No. 2016-v-0023 |

## NOTICE TO SUPERIOR COURT OF BURKE COUNTY OF FILING NOTICE OF REMOVAL IN UNITED STATES DISTRICT COURT

TO THE CLERK OF THE SUPERIOR COURT OF BURKE COUNTY, GEORGIA:

Defendants Chicago Bridge & Iron Company, Westinghouse Electric Company LLC, and WECTEC Contractors, Inc. (collectively, "Defendants") hereby give notice that, by filing a Notice of Removal (a copy of which is attached hereto as Exhibit 1) on June 16, 2016 in the United States District Court for the Southern District of Georgia, Defendants are removing this case from this Court to said district court pursuant to 28 U.S.C. § 1446.

Respectfully submitted this 16th day of June, 2016.

_____
C. Garner Sanford, Jr.
Georgia Bar No. 005020
Garner.sanford@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
191 Peachtree Street, N.E.
Suite 4800
Atlanta, Georgia 30303
Telephone:  404.881.1300
Fax:  404.870.1732


*Counsel for Defendants Chicago Bridge & Iron Company, Westinghouse Electric Company LLC, and WECTEC Contractors Inc.*

2

IN THE SUPERIOR COURT OF BURKE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JIMMY CLARK,<br><br>        Plaintiff,<br><br>v.<br><br>CHICAGO BRIDGE & IRON COMPANY,<br><br>        First Defendant,<br><br>WESTINGHOUSE ELECTRIC COMPANY, LLC,<br><br>        Second Defendant,<br><br>WECTEC CONTRACTORS, INC.<br><br>        Third Defendant,<br><br>A.B.C. CORPORATION,<br><br>        Fourth Defendant. | Civil Action No. 2016-v-0023 |

**CERTIFICATE OF SERVICE**

It is hereby certified that on June 16, 2016 the foregoing NOTICE TO SUPERIOR COURT OF BURKE COUNTY OF FILING NOTICE OF REMOVAL IN UNITED STATES DISTRICT COURT was sent via U.S. mail to the following counsel of record:

        Troy A. Lanier
        Troy A. Lanier, P.C.
        P.O. Box 2426
        Augusta, GA 30903
        tlanier@tlanierlaw.com

        _____
        C. Garner Sanford, Jr.
        Georgia Bar No. 005020